CASE 7.—ACTION BY JOHN V. LeMOYNE AGAINST ENOS A.
      ROUNDTREE TO RECOVER LAND.—October 21, 1909.

# Le Moyne v. Roundtree

Appeal from Whitley Circuit Court.

WM. H. HOLT, Special Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

Adverse Possession—Possession of Trespasser—Evidence.—Evidence that one owning land gave it to his son-in-law with other conterminous land which he did not own, and the son-in-law entered on the latter land which was rough, uninclosed, mountain land and inclosed a few acres, and occasionally cut timber and tan bark on the part uninclosed, but did not claim to any well-defined boundary, is insufficient on which to base adverse possession of such land other than the inclosed portion, since a trespasser can not obtain necessary title unless he claims to a well-defined boundary.

GILLIS & GILLIS and CHAS. H. RHODES for appellant.

A reversal of the judgment is asked on the following grounds:
1. Because of error in instructing the jury.
2. Refusal to give a peremptory instruction to find for appellant.
3. The admission of incompetent testimony.
4. The verdict is flagrantly against the evidence.
5. Because of refusal to give instruction asked by appellant.
6. Because of improper argument by counsel for appellee.
7. Because of error in ordering by-standers to serve on jury.

## AUTHORITIES CITED.

116 S. W. 755, Steele v. Bryant; 110 Ky. 787, Mann v. Cavanaugh; 20 Ky. Law Rep., 383, Ohio & Big Sandy R. R. Co. v. Wooten; 22 Ky. Law Rep., 416, Barr v. Potter; 9 Ben Mon., 82 Floyd v. L. & N. R. R. Co.; 25 Ky. Law Rep. 2148, Inter State Ins. Co. v. Bailey, 93 S. W. 578; 3 A. K. Marshall, 313, Trotter v. Cas-

Le Moyne v. Roundtree.

sady; 105 S. W. 106, Jones v. McCauley's Heirs; 22 Ky. Law Rep. 1919, Helton v. Straube; 31 Ky. Law Rep. 1099, Fuller v. Kesee; 30 Ky. Law Rep. 592, Kountz v. Hatfield; 23 Ky. Law Rep. 1234, Strange v. Commonwealth; 27 Ky. Law Rep. 250, L. & N. R. R. Co. v. Carter.

R. S. ROSE and TYE & SILER attorneys for appellee.

### AUTHORITIES CITED.

Stone, Auditor v. Sanders, 106 Ky. 904; Eichman's Committee v. South Covington C. St. Ry. Co., 31 R. 880; Miller v. South Covington St. Ry Co., 25 R. 207; Kentucky R. R. Co. v. Warren & Co., 10 Bush 711; Anderson v. Winfree, 85 Ky. 597; American & English Encyclopedia of Law, page 462; Meaux v. Meaux, 81 Ky. 475; L. & N. R. R. Co. v. Lawson, 11 S. W. 511; Murphey v. May, 9 Bush 33; also 79 Ky. 205; Commonwealth v. Gibson, et al., 85 Ky. 666; Fox v. Hinton, 4 Bibb 559; Whitley County Land Co. v. Lawson, 94 Ky. 613; Ware v. Bryant's Adm'r., 14 R. 852; Northup's Trustee v. Summer's Trustee, et al., 116 S. W. 698; Cates v. Loftus' Heirs, 4 T. B. Monroe 439; Young v. Withers, 8 Dana 167; Griffith v. Dicken, 2 B. Monroe 24; Overton v. Perry, Jr., 111 S. W. 369; Scott v. Mineral Develpoment Co., 130 Fed. 497; Burt v. Brabb, 109 S. W. 348; Robinson v. Huffman, 113 S. W. 458; Metlock v. Suter, 80 Ky. 101; Creech v. Abner, 106 Ky. 239; Thompson v. Thompson, 93 Ky. 435; Gilbert v. Kelly, 22 R. 353.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This action involves the title to 148 1-2 acres of land in Whitley county, Ky. It was begun by the appellant, John V. Le Moyne, filing a petition in the Whitley circuit court describing the land in question by metes and bounds, alleging himself to be the owner and entitled to the immediate possession thereof, and that he had been ousted from his lawful possession by the appellee (defendant) Enos A. Roundtree. The appellee filed an answer putting in issue appellant's title and right to possession of the land described in the petition, and by a second paragraph pleaded title in himself by prescription. The affirmative alle-

gations of the answer were denied and the issues thus completed. A trial by jury resulted in a verdict in favor of the defendant (appellee), and of the judgment based upon this verdict the appellant complains.

The first question involved on this appeal is the correctness of the trial court's ruling in refusing to grant the appellant's (plaintiff's) motion for a peremptory instruction to the jury to find for him at the close of the evidence. The appellee made no sort of claim to the land except by prescription, and the appellant established a complete and perfect paper title, which was in no wise denied or impeached by any evidence for appellee. The question, then, recurs: Was there sufficient evidence of adverse possession for the statutory period by appellee to warrant the court in submitting his claim to the jury? Except as to a small part (some 10 or 12 acres) of the land sued for which appellee testified to having fenced in and held and used, he showed no possession which would ripen into a title by the expiration of the statutory period. In 1890 he says that his father-in-law, Tom Meadors, put him in possession of a house on the Creekmore survey which the latter owned, and told him he could have it and the surrounding land, consisting of certain fields. He understood his father-in-law to make him a present of the land. The Creekmore survey was conterminous to the land in question, the public road, however, running between the two tracts. The possession which Meadors gave to his son-in-law is thus described by appellee himself: After having stated that his father-in-law gave him the land in controversy which he did not own, and a part of his own land, he was asked this question: "What did Tom Meadors say about this land in

question? A. He just waved his hand up that way, and said I could have all that land. Q. Did he give you this land? A. Yes, sir; that is what I understood him. Q. What did you do, if anything, toward taking possession of the land or improving it? A. In the spring of 1890 I fenced up ten to twelve acres of it, and cleared a half or three-quarters of an acre." The witness does afterwards say that he claimed all of the land to a well-defined boundary, but showed on cross-examination that he knew nothing of the lines, and more especially showed that he did not know whether the lines of the tract were marked or not. It was conceded that Tom Meadors, the father-in-law of appellee, neither had any sort of title to the land in controversy nor claimed to have. He did own, however, several boundaries of land lying contiguous to it, among which was the Creekmore survey. It is also conceded that the house of which Tom Meadors gave appellee the possession, was not on any part of the land involved in this litigation, but was on the Creekmore tract which was separated from the land in dispute by a public road. Appellee having no title or shadow of legal claim to the land in dispute, he could only obtain a possessory title by actual occupancy with claim of ownership for the full term of 15 years. The property was rough, uninclosed mountain land; and, while appellee shows that he occasionally cut timber and tan bark, and committed other occasional acts of trespass, he had no sort of actual occupancy except of the ten or twelve acres he says he inclosed.

In Interstate Inv. Co. v. Bailey, 93 S. W. 578, 29 Ky. Law Rep. 468, we said: "Actual possession to oust the owner must be an actual occupancy, as by residence upon, or cultivation, or inclosure of the

premises claimed. It is the pedis possessio of the law, a foothold upon the land, a possession in fact, an actual physical entry. Such a possessor by his acts and claim sets the statute of limitation to running, because he has not only effectually ousted any other claimant, thereby giving to him a cause of action, but its notorious character is so calculated to direct attention of any other claimant as to raise the presumption that he does know of it, and imposes on him the duty to recover his own in timely season, or thereafter be heard no more to assert his right to it." In Ohio & Big Sandy R. R. Co. v. Wooten, 46 S. W. 681, 20 Ky. Law Rep. 383, it was said: "It seems to us that the well-settled rule of law in this state is that actual occupancy of the tract or parcel of land is necessary to enable a plaintiff without title to recover against a trespasser, and also that actual occupancy for the statutory period is necessary to vest title in the occupant, in the absence of paper title; that mere claim of ownership, with frequent cutting and removing of timber from the tract of land, does not constitute actual occupancy or possession within the meaning of the law." In Barr, etc., v. Potter, 57 S. W. 479, 22 Ky. Law Rep. 418, the following language is used: "The court also erred in refusing to instruct the jury that a mere claim of ownership, with occasional cutting of timber on the land in controversy or removing it therefrom, by those under whom defendant claims, and the building of a cabin thereon without actual residence upon the land, or without inclosing it, or cultivating it, was not such adverse possession as could be added to the time defendant had actually resided upon the land so as to defeat the plaintiff's right of recovery." In

Fuller v. Keesee, etc., 104 S. W. 700, 31 Ky. Law Rep. 1099, this court, speaking through Judge Hobson, said: "To say he held in adverse possession all the land in this great boundary by simply laying claim to run with the top of the cliffs would be to ignore the reasons for the rule protecting the bona fide occupants of land, who hold it in adverse possession. He had, as the record shown, no shadow of title, and he gained possession only of so much of the land in controversy as he cleared or inclosed." And in Kountze v. Hatfield, 99 S. W. 265, 30 Ky. Law Rep. 592, we said: "It may be conceded that their adverse holding extended to the full limit of the land cultivated or inclosed by fence. But outside of that their holding does not go. * * * * Appellant traces his title to the land in controversy back to the commonwealth, while appellees rest their claim entirely on adverse possession." To the same effect are Floyd v. Louisville & Nashville R. R. Co., 80 S. W. 204, 25 Ky. Law Rep. 2149; Helton v. Strubbe, 62 S. W. 12, 22 Ky. Law Rep. 1919; Mann v. Cavanaugh, 110 Ky., 787, 62 S. W. 854, 23 Ky. Law Rep. 238.

The cases cited by appellee do not militate against the principle here enunciated. We have never held that a mere trespasser could obtain a possessory title unless he claimed to a well-marked or well-defined boundary. His possession must be such as gives the world, and especially those in interest, notice of the extent of his claim; and then, if the owner stands by and allows the trespasser to occupy and claim his property for the full term of fifteen years, he loses it, and the trespasser, under the statute, obtains title to the extent of his possession. The appellee had no

such possession as is necessary to the acquisition of title by prescription, and what he did upon appellant's land, according to his own testimony, did not give notice of his adverse holding, except to the few acres he inclosed. A wrong-doer cannot acquire title to another's land by occupancy without giving notice for fifteen years of what he is doing and claiming.

Upon the conclusion of the evidence, the court should have sustained appellant's motion for a peremptory instruction to the jury to find for him for the whole tract sued for except 10 or 12 acres which appellee says he fenced up, and submitted to the jury only the question as to whether or not the appellee did use and occupy this inclosure continuously and adversely under a claim of ownership for 15 years.

Judgment reversed for further procedure consistent with this opinion.